Filed 3/29/22  P. v. Vasquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DOMINGO VASQUEZ,<br><br>    Defendant and Appellant. | C092601<br><br>(Super. Ct. Nos. STK-CR-FE-2005-0006365, SC032183A) |

Defendant Domingo Vasquez appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court incorrectly engaged in factfinding when it considered several documents to evaluate his prima facie eligibility under the statute and denied his petition as a result. We will reverse the trial court's order and remand the case for further proceedings.

---

[1]    Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 1981, defendant and two codefendants burglarized the victim's home. The victim was beaten in the course of the burglary and later died. Defendant pleaded guilty to second degree murder (§ 187, subd. (a)) and burglary (§ 459).

On January 16, 2019, defendant filed a petition for resentencing under section 1170.95. The trial court appointed counsel and received briefing from the parties. As part of its briefing, the prosecution filed a copy of defendant's probation report, a copy of *People v. Belmontes* (1988) 45 Cal.3d 744 (a decision involving one of defendant's codefendants), and the transcript from defendant's 2019 parole hearing. The prosecution asserted these documents could be considered by the court as part of defendant's record of conviction or as new evidence.

The trial court held a hearing on the petition. Defendant asked the court to exclude the documents the prosecution had submitted, arguing that the probation report was hearsay; the *Belmontes* opinion was from a case in which defendant had not been a defendant, witness, or participant in the trial; and a variety of public policy reasons justified exclusion of the parole hearing transcript. The court determined it could consider the documents, saying section 1170.95 "does allow new evidence to be presented." In particular, the court found the probation report was part of defendant's record of conviction, the opinion was subject to judicial notice, and there was no reason to exclude the parole hearing transcript. Applying the facts from the documents, the court stated, "based on what [defendant] said at the parole hearing, he was a major participant in this crime," and denied the petition.

DISCUSSION

Defendant argues the trial court erred because it "prematurely engaged in the weighing of evidence" when it used the probation report, the *Belmontes* opinion, and the transcript from defendant's parole hearing to determine he had not stated a prima facie case for relief. Defendant asks us to remand the case with directions to issue an order to

2

show cause and conduct an evidentiary hearing. The People agree that the trial court incorrectly considered documents that were not part of the record of conviction and could not be considered at the prima facie stage. We agree with the parties.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)[2] Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under the natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 1170.95 includes a prima facie determination. Under subdivision (c), the trial court must receive briefing from the parties and "determine whether the petitioner

---

[2]    Unless otherwise indicated, references in this opinion to section 1170.95 refer to the version in effect at the time the trial court ruled on this petition. (Stats. 2018, ch. 1015, § 4.) The Legislature further amended section 1170.95, effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). This amendment to section 1170.95 has no impact on the issues raised by this appeal.

has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).) To make this prima facie determination, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . the 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.)

4

Here, the trial court denied the petition before issuing an order to show cause even though there were no readily ascertainable facts establishing defendant was ineligible for resentencing as a matter of law. Defendant pleaded guilty to murder and burglary with no other charges or enhancements that necessarily establish he was the actual killer, acted with the intent to kill, or was a major participant who acted with reckless indifference to human life. When defendant pleaded guilty, the law permitted him to be convicted of murder under a felony murder theory "without being the actual killer, acting with intent to kill, or being a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Eynon* (2021) 68 Cal.App.5th 967, 979.) Thus, his admission to the alleged conduct did not necessarily include "any factual admissions that refute his allegation that he is eligible for relief under section 1170.95." (*Ibid.*)

Even assuming the court could consider the documents at issue at the prima facie stage, the statements within those documents were only evidence of defendant's actions and were not conclusive as a matter of law. For instance, one statement in the probation report indicated that defendant explicitly told his codefendant to hit the victim. A separate statement in the parole hearing transcript, however, indicates defendant did not make such a statement. As explained in *Lewis*, the trial court was not entitled to weigh or resolve such inconsistencies in the evidence to make its prima facie inquiry. (*Lewis, supra*, 11 Cal.5th at p. 972.) The trial court erred when it applied the facts within these documents to determine defendant was a "major participant" in the burglary and was ineligible for relief at the prima facie stage.

Construing the petition's allegations in favor of defendant, as the statute requires, the petition fulfilled the prima facie requirements for relief in section 1170.95, subdivision (a), and the trial court should have issued an order to show cause for an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at p. 971.) We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under amended section 1170.95, subdivision (c), and hold a hearing under amended

section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed. The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under amended section 1170.95, effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.).


　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　 Hoch, J.



We concur:



 /s/
Blease, Acting P. J.



 /s/
Robie, J.



6